UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROHIT SHARMA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | Case No. 2:26-cv-03386-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND[1]

Petitioner Rohit Sharma is a 33-year-old citizen of India. Dkt. 8-4 at 2. Petitioner entered the United States near Yuma, Arizona, on June 9, 2022, and was apprehended by Border Patrol agents. Dkt. 7 at 5. After charging Petitioner as inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, immigration officials released him on his own recognizance pursuant to an "OREC" order. Dkt. 8-2 at 2. One of the conditions listed in the OREC order was that Petitioner "must not violate any local, State, or Federal laws or ordinances." *Id.*

[1] The account presented by Petitioner differs in many respects from the facts presented by the United States. But the government provides exhibits that support their account while Petitioner often does not. For the purposes of this Order, the Court will adhere to the facts supported by the record.

On May 29, 2025, Petitioner appeared before an Immigration Judge ("IJ") for the final hearing on his applications for relief from removal. Dkt. 7 ¶ 12. At the conclusion of the hearing, the IJ denied Petitioner's applications. *Id.* Petitioner filed an appeal, which remains pending, with the Board of Immigration Appeals. *Id.* ¶ 13.

On June 12, 2026, Petitioner was arrested by the Auburn (Washington) Police Department for driving under the influence and possession of a controlled substance. *Id.* ¶ 15. The disposition of those charges is unclear. On July 6, 2026, Petitioner reported to the Seattle Immigration and Customs Enforcement ("ICE") Field Office to comply with his OREC reporting requirements. *Id.* ¶ 16. While he was there, ICE officers learned of his arrest by the Auburn Police Department and determined that his pending criminal charges violated the conditions of his OREC. Dkt. 8-4 at 3. The ICE officers detained him, and he was transferred to the Northwest ICE Processing Center in Tacoma, Washington, where he remains. *Id.*; Dkt. 7 ¶ 17.

On September 17, Petitioner filed this petition for a writ of habeas corpus. Dkt. 3. On October 1, the United States of America (the "United States" or the "government") filed a response. Dkt. 6. Petitioner filed his traverse, *see* Dkt. 9, on October 13, and the matter is ready for review. For reasons explained below, the Court concludes that ICE violated Petitioner's right to procedural due process when he was arrested and detained on July 6 without a hearing. However, this violation can be remedied with a prompt post-deprivation hearing under *Singh v. Holder*, 638 F.3d 1196, 1203–1204 (9th Cir. 2011). Accordingly, the Court GRANTS in part and DENIES in part the petition for a writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws

or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

### A. Petitioner is subject to discretionary detention under 8 U.S.C. § 1226.

Petitioner seeks "release from the custody of ICE because such custody violates [his procedural] due process rights." Dkt. 1 at 1. He also requests that if the Court instead orders a bond hearing, the government should bear the burden of showing that Petitioner is either a flight risk or danger by clear and convincing evidence. *Id.* at 4.

The United States counters by arguing first that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and second, that even if the Court concludes that Petitioner is detained under the discretionary authority of 8 U.S.C. § 1226(a), due process did not require a pre-deprivation hearing before Petitioner's arrest. Dkt. 6 at 2.

The government's first argument lacks merit. As the government acknowledges, "this Court has previously found noncitizens released on OREC to be detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)." *Id.* at 4; *see, e.g.*, *Berelidze v. Noem*, No. 2:26-cv-00618-TL, 2026 WL 879249, at *3 (W.D. Wash. March 31, 2026). This Court has held that determining the basis for such a petitioner's detention "requires analysis of the specific facts surrounding his previous interactions with immigration officials." *Caglar v. Wamsley*, No. 2:26-cv-00787-TMC, 2026 WL 1123515, at *2 (W.D. Wash. April 24, 2026) (alteration omitted) (quoting *Maldonado v. Scott*, No. 2:26-cv-00014-TMC, 2026 WL 251819, at *2 (W.D. Wash. Jan. 30, 2026)).

Applying that analysis to the present case, Petitioner was released on an OREC in June 2022 and lived in the United States for three years while he pursued relief from removal, which was denied in May 2025. Dkt. 8-2 at 2; Dkt. 7 ¶ 12. He then remained another year until he was

arrested by local police in June 2026. Dkt. 7 ¶ 15. About three weeks later, ICE took him into custody. *Id.* ¶ 16. The government, which was aware of Petitioner's presence in the community for four years after his entry into the United States, clearly did not treat Petitioner as subject to mandatory detention.

**B. Petitioner is entitled to a post-deprivation hearing consistent with due process.**

Turning to the due process argument, the Court notes that numerous courts have concluded that where, as here, a noncitizen has lived in the community for years while pursuing immigration relief, and the government has made no effort to detain him, he acquires an interest in his continued liberty that may typically only be extinguished through a pre-deprivation hearing. *See, e.g.*, *Habiebh v. Chestnut*, No. 1:26-cv-06103-NW, 2026 WL 2444863, at *3 (E.D. Cal. Aug. 19, 2026); *Huang v. Blanche*, No. 2:26-cv-02157-BAT, 2026 WL 2271901, at *1–2, 4–5 (W.D. Wash. July 15, 2026). However, when there has been no pre-deprivation hearing, there is also a subset of cases where a *post*-deprivation hearing suffices to remedy a due process violation. "Where, as here, the government takes custody of a noncitizen for removal proceedings who was already detained by state officials based on an alleged public safety violation, that interest supports requiring only a prompt post-arrest hearing." *Caglar*, 2026 WL 1123515, at *5; *see also Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 547591, at *8–9 (W.D. Wash. Feb. 23, 2026). The key factor in determining whether the lack of a pre-deprivation hearing may be remedied by a post-deprivation one is whether the government's interest in enforcing the law and ensuring public safety was strengthened due to the petitioner's arrest record or criminal proceedings. *Caglar*, 2026 WL 1123515, at *5.

In *Caglar*, for example, "ICE decided to arrest Caglar and revoke his OREC only after he was detained by a state agency based on allegations of highway safety violations." *Id.* at *3. In *Quinonez Torres*, Petitioner was arrested by ICE as he drove away from a criminal proceeding in

state court where he faced charges of assault and battery. *Quinonez Torres*, 2026 WL 547591, at *2. Similarly, while ICE officers here waited three weeks after Petitioner was arrested by Auburn police before taking him into custody, the officers who detained him did so promptly and specifically determined that his criminal charges violated his OREC, which required him to refrain from "violat[ing] any local, State, or Federal laws or ordinances." Dkt. 8-2 at 2; Dkt. 8-4 at 3. Under these circumstances, the Court finds that Petitioner's criminal charges were a change in circumstance that justified the lack of notice and hearing before his arrest by ICE.

But in *Caglar* and *Quinonez Torres*, the Court also determined that a prompt post-deprivation hearing—where the government had the burden of showing by clear and convincing evidence that petitioner was either a danger or flight risk—was a necessary and sufficient remedy. *See also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025) (ordering a post-deprivation bond hearing within 10 days of court order). Here, Petitioner has shown that ICE violated his right to procedural due process when it took him into custody without notice or an opportunity to be heard, and he is entitled to the same remedy ordered in *Caglar* and *Quinonez Torres*. *See Singh*, 638 F.3d at 1203–1204. The Court therefore GRANTS in part and DENIES in part the petition for writ of habeas corpus.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 3) is GRANTED in part and DENIED in part.

2. Within 7 days of this Order, Respondent must either release Petitioner Rohit Sharma under the terms of his previous OREC or provide him a bond hearing before an Immigration Judge. At the hearing, the government will bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a

danger to the community, and that no alternatives to detention would mitigate those risks.

3. Nothing in this Order prevents an Immigration Judge from granting a continuance in the bond proceedings at Petitioner's request.

4. If Petitioner is released, Respondent must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 6th day of November, 2026.

Tiffany M. Cartwright
United States District Judge